**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DAINSLEY K. HENRY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 06-CV-441-TCK-PJC |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is Petitioner's "Petition/Motion for Issuant [sic] of Writs of Habeas Corpus Pursuant to Title 28, U.S.C. § 1651" (Dkt. # 1), filed on August 28, 2006. Petitioner paid a $5.00 filing fee. The Clerk of Court opened this case as a 28 U.S.C. § 2241 petition for writ of habeas corpus. Petitioner states, however, that he seeks issuance of a writ of error coram nobis. In the "Jurisdiction" section of his motion, Petitioner states that he "has long satisfied the judgment of conviction and all his obligations according to the court's order. He is no longer in custody pursuant to the order and judgment of the court in this case, and petitioner's motion for application for writ of error of coram nobis is properly presented before this noble court." See Dkt. # 1.

*BACKGROUND*

Between about January 22, 2002, and May 17, 2004, Petitioner, along with Gina Ree Chapman and Melanie Anne Paxton, conspired to obtain money from Chapman's employer, American Airlines, by fraud and false representations. Based on those actions, on June 17, 2005, Petitioner entered his pleas of guilty to Conspiracy (Count 1), Mail Fraud (Count 10), and Wire Fraud (Count 12), in N.D. Okla. Case No. 05-CR-50-TCK. He was sentenced to five (5) months imprisonment on each count, all to run concurrently, followed by three (3) years supervised release.

He was further ordered to pay $68,099.31 in restitution to American Airlines. Judgment (Dkt. # 42) was entered on September 27, 2005. Petitioner was represented by attorney Ronald L. Daniels. Petitioner did not appeal his convictions to the Tenth Circuit Court of Appeals.

At the time he filed this petition, Petitioner, a citizen of Jamaica, had surrendered to immigration officials and was in detention awaiting deportation. He argues that 28 U.S.C. § 2255 is unavailable for the claims asserted in the petition, so he must be allowed to raise the claims through the All Writs Act.[1] He requests that his convictions entered in Case No. 05-CR-50-TCK be set aside and vacated based on claims of ineffective assistance of counsel. See Dkt. # 1.

## *ANALYSIS*

Before the Court can review the merits of Petitioner's arguments, he must show that he is authorized to bring his claims under the All Writs Act. The issuance of a writ of error coram nobis is authorized by 28 U.S.C. § 1651(a), which states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." However, a common law writ, such as the writ of error coram nobis, is an extraordinary remedy which is allowed under compelling circumstances only. United States v. Morgan, 346 U.S. 502 (1954) ("Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed only under circumstances compelling such action to achieve justice."). As an extraordinary remedy, relief under the All Writs Act is available only when § 2255 motions or other forms of relief are not available. Ward v. United States, 381 F.2d 14, 15 (10th Cir. 1967); Adam v. United States, 274 F.2d 880, 882 (10th Cir. 1960);

---

[1] The Court notes that on September 26, 2006, or approximately one (1) month after filing the petition in this case, Petitioner filed a timely 28 U.S.C. § 2255 motion challenging his convictions in N.D. Okla. Case No. 05-CR-50-TCK.

Case 4:06-cv-00441-TCK-PJC   Document 4 Filed in USDC ND/OK on 09/09/09   Page 3 of 4

see also Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). "The writ of error coram nobis is used to vacate a federal sentence or conviction when a § 2255 motion is unavailable -- generally when the petitioner has served his sentence completely and thus is not longer 'in custody' as required for § 2255 relief." Blanton v. United States, 94 F.3d 227 (6th Cir. 1996).

In this case, Petitioner argues he has completed his sentence and that relief under § 2255 is unavailable. The Court disagrees with Petitioner. When he filed the petition in this case, he had discharged his term of imprisonment. However, because he had not discharged his term of supervised release, he remained "in custody" eligible for filing a 28 U.S.C. § 2255 motion. See United States v. Cervini, 379 F.3d 987, 989 (10th Cir. 2004) (finding that defendant who was still on supervised release remained in "custody" and thus eligible to file 28 U.S.C. § 2255 motion to vacate sentence, even though he had served his prison sentence at time motion was filed). Furthermore, the one-year limitations period provided in 28 U.S.C. § 2255(f) had not yet expired. As a result, 28 U.S.C. § 2255 provides Petitioner's exclusive remedy for the claims identified in this petition and the Court lacks jurisdiction to consider Petitioner's request for relief under the All Writs Act. Petitioner's "Petition/Motion for Issuant [sic] of Writs of Habeas Corpus Pursuant to Title 28, U.S.C. § 1651" (Dkt. # 1) shall be dismissed for lack of jurisdiction.

3

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's "Petition/Motion for Issuant [sic] of Writs of Habeas Corpus Pursuant to Title 28, U.S.C. § 1651" (Dkt. # 1) is **dismissed** for lack of jurisdiction.

DATED THIS 9th day of September, 2009.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE